IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KATELYN HANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) |
| | ) File No.  3:19-CV-00756 |
| HANMIRI, INC. and | ) |
| JBS INTERNATIONAL, LLC, | ) |
| | ) |
| Defendants. | ) |

**JOINT STATUS REPORT**

Plaintiff, KATELYN HANKS ("Plaintiff") and Defendants, HANMIRI, INC. and JBS INTERNATIONAL, LLC ("Defendants") (collectively, the "Parties") pursuant to this Court's Order Requiring Status and Scheduling Conference [D.E. 9), hereby file this Joint Status Report.

**a.     A brief statement of the nature of the case, including the contentions of the parties.**

**Response:**

PLAINTIFF: Plaintiff is disabled and required to traverse via a wheelchair.  Plaintiff lives 19 miles from the Property location at 2216 Royal Lane, Dallas, TX  75229 (the "Property").  Defendant, HANMIRI, INC, is the lessee or sub-lessee of the real property and improvements and Defendant, JBS INTERNATIONAL, LLC, is the owner or co-owner of the Property.  On March 13, 2019, Plaintiff travelled to Hanmiri and purchased food.  While there, Plaintiff encountered numerous barriers to access present at the Property in violation of 2010 ADAAG standards.  Plaintiff is also an independent advocate of the rights of similarly situated disabled persons.  Her motivation to return to this location, in part, stems from her desire to utilize ADA litigation to make her community more accessible for herself and others; and pledges to do whatever is necessary to create

1

the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property within six months or sooner, as soon as it is accessible. Due to Plaintiff's disability, Plaintiff was discriminated against by Defendants for their failure to remove barriers to access at their public accommodation. The injunctive relief requested by Plaintiff includes fixing the violations of the Americans with Disabilities Act Plaintiff encountered or was made aware of after his visit to the Property to the specifications detailed in the 2010 ADAAG standards. These modifications are readily achievable to accomplish. Plaintiff is entitled to recover his reasonable attorney's fees and costs expended as a result of this lawsuit.

DEFENDANTS: The improved real property was constructed prior to 1990. Defendants need to conduct discovery relative to Plaintiff's standing in representative capacity. Defendants dispute Plaintiff encountered barriers to access identified in paragraph 34 of the complaint.

**FIRST DEFENSE**

The Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted or upon which the damages sought can be awarded.

**SECOND DEFENSE**

Plaintiff's claims and/or damages are barred in whole or in part because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the ADA, the ADAAG, or any other applicable statute.

**THIRD DEFENSE**

Plaintiff's claims for damages fail to the extent that they have failed and/or refused to mitigate their damages and Defendant is entitled to an offset for any amount that were in fact earned or that could have been earned by Plaintiffs during the relevant time.

**FOURTH DEFENSE**

Plaintiff's claims and/or damages are barred, or their recovery should be limited, by the after-acquired evidence doctrine.

**FIFTH DEFENSE**

Plaintiff's claim for overtime under the ADA is barred to the extent that they were exempt from the requirements of the ADA.

**SIXTH DEFENSE**

Plaintiff's claim for compensatory damages and other relief are subject to all applicable statutory caps and limitations.

**SEVENTH DEFENSE**

Plaintiff's claims fail, in whole or in part, to the extent that its property is based upon legitimate reasons and/or good faith reliance on applicable administrative rulings, orders or law.

**EIGHTH DEFENSE**

Some or all of Plaintiff's claims are barred by the defenses of laches, unclean hands, estoppels, and/or inequitable conduct.

**NINTH DEFENSE**

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

3

**(b)**   **Status of settlement discussions (excluding any discussion of amounts)**

   **Plaintiff Response:**  Plaintiff has offered to prepare a proposed consent decree or confidential settlement agreement outlining the proposed modifications and the settlement demand of attorney's fees, costs and litigation expenses.  In addition, in an effort to facilitate settlement, on April 18, 2019, Plaintiff emailed to counsel for Defendants information and an application for a $5,000.00 tax credit and up to a $12,000.00 tax deduction for spending money on accessibility improvements for the property.  On April 22, 2019, Plaintiff emailed Defendants proposed readily achievable modifications to bring the subject Property into readily achievable compliance with the ADA.

   **Defendants Response:**  Defendants are working on finding ADA specialist regarding proposed modifications to determine if proposed modifications are necessary and readily achievable.

**(c)**   **Possible joinder of additional parties.**

   **Response:**  The parties do not foresee the appearance of additional parties.

**(d)**   **Any anticipated challenges to jurisdiction or venue.**

   **Plaintiff Response:**  No challenge.

   **Defendants Response:** Defendants deny Plaintiff has standing to bring this claim. Plaintiff fails to plead what her actual disability is other than having to use a wheelchair. Plaintiff does not indicate she visited the property more than once, she fails to plead facts that would demonstrate that her access to the property was denied, she fails to plead facts that would demonstrate either a preexisting business or familial tie within the vicinity of the property, and her vague intention to return to Defendants' property as a regular customer without any description of definitive facts to show Plaintiff will return to the property, or indeed even any specification of *when* the day will be

do not support a finding of the requisite actual or imminent injury.

**(e)** **Date by which the case will be ready for trial and estimated length of trial**

**Plaintiff Response:  Requested trial date:**  January 4, 2020.  The trial of this matter is likely to require 1-2 days and will be a non-jury trial.

**Defendants Response:  Requested trial date:**  Monday, June 8, 2020.  The trial of this matter is likely to require 1-2 days and will be a non-jury trial.

**(ff)** **The desirability of ADR, and the timing for ADR.**

**Response:**  The parties will agree to mediation, if necessary.

**(g)** **Any objections to disclosure under Rule 26(a)(1).**

**Response:**  None.

Dated: April 30, 2019.                                   Respectfully submitted,


Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro
*Attorney-in-Charge for Plaintiff*
Northern District of Texas ID No. 54538FL
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

Law Offices of
LIPPE & ASSOCIATES

/s/  Emil Lippe, Jr.
Emil Lippe, Jr
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850

5

Fax: (214) 720-6074
emil@texaslaw.com

ATTORNEYS FOR PLAINTIFF
KATELYN HANKS

/s/  Tailim Song
Tailim Song
Jennifer Cohn
State Bar No. 0792845
Tailim Song Law Firm
8111 LBJ Fwy, Suite 480
Dallas, TX  75251
Tel:  (214) 528-8400
tsong@tailimsong.com
jcohn@tailimsong.com

ATTORNEYS FOR DEFENDANTS